# Delegation of the President's Power To Appoint Members of the National Ocean Research Leadership Council

Draft amendments to 10 U S.C. § 7902 empowering the President to delegate to the head of a department his authority to appoint certain members of the National Ocean Research Leadership Council would not violate the Constitution's Appointments Clause.

January 29, 1997

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
DEPARTMENT OF THE NAVY

This responds to your letter of January 6, 1997, seeking our opinion whether Congress could authorize the President to delegate, to the head of a department, his power to appoint members of the National Ocean Research Leadership Council ("Council"). Letter for Christopher Schroeder, Acting Assistant Attorney General, Office of Legal Counsel, from Steven S. Honigman, General Counsel of the Navy (Jan. 6, 1997) ("January 6 Letter"). We believe that Congress could do so.

Attached to your letter are draft amendments to the provisions creating the Council, 10 U.S.C. §§ 7901–7903 (Supp. II 1996).[1] The existing provisions conflict with the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, under which the President, with the Senate's advice and consent, appoints all officers of the United States, except that "the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." In our view, it is permissible for the members of the Council to be inferior (rather than principal) officers, because the Council will perform "certain, limited duties" and will be "limited in jurisdiction" to one particular program.[2] See Morrison v. Olson, 487 U.S. 654, 671–72 (1988); cf. 41 U.S.C. § 46(a) (1994) (creating Committee for Purchase From People Who Are Blind or Severely Disabled, the members of which may all be inferior officers). However, contrary to the Appointments Clause, the existing statute vests the appointment of some members of the Council in private entities or officers who are not the heads of departments. The draft amendments would correct this infirmity. See Statement on Signing the National Defense Authorization Act for Fiscal Year 1997, 2 Pub. Papers of William J. Clinton 1645, 1646–47 (Sept. 23, 1996).

---

[1] Editor's Note. Section 7902 was substantially revised by the National Defense Authorization Act for Fiscal Year 1998, Pub L No 105-85, § 241(a), 111 Stat 1629, 1665-66, on November 18, 1997 Section 7903 was completely revised by the same Act Id § 241(b)(1), 111 Stat. at 1666

[2] Some Council members, in addition, will be "limited in tenure" to two-year terms See Morrison v. Olson, 487 U S 654, 672 (1988)

Under the draft amendments, the President would appoint those members of the Council who, under the existing law, would not be properly appointed.[3] The amendments would empower the President to delegate this authority to the head of a department but would permit no further delegation. *See* Draft 10 U.S.C. § 7902(j).

We believe that such a provision would be constitutional. Under the Appointments Clause, Congress could vest the appointment of the Council's members in the President alone or in the head of a department. The Appointments Clause places broad discretion in the Congress to choose among the alternative appointment mechanisms "as they think proper." *See Morrison*, 487 U.S. at 673 ("[T]he inclusion of 'as they think proper' seems clearly to give Congress significant discretion to determine whether it is 'proper' to vest the appointment of, for example, executive officials in the 'courts of Law.' "). Furthermore, an exercise of Congress's discretion along the lines of the draft provision would not "diffus[e]" the appointment power beyond the officials named in the Constitution and thus would square with the principle "that those who wield[ ]" the appointment power should be "accountable to political force and the will of the people." *Freytag v. Commissioner*, 501 U.S. 868, 883, 884 (1991); *The Constitutional Separation of Powers Between the President and Congress*, 20 Op. O.L.C. 124, 152 n.82 (1996). Congress would vest the appointment power only in the officials identified in the Appointments Clause and would simply authorize the President to decide which of those officials would act in a particular instance.

Although we believe that the proposal would be constitutional, you may wish to consider revising it to specify, at least by a description, the department heads to whom the President could delegate his authority. For example, the provision might be limited to the heads of departments whose responsibilities are germane to the work of the Council. This revision would counter any argument, whether ulimately persuasive or not, that Congress had improperly delegated its responsi-

---

[3] Under the draft. the President would thus appoint seven members, instead of the three who would have been appointed by private entities and the four who would have been appointed by an officer not the head of a department Draft 10 U S C § 7902(b)(13)–(16). As under existing law, 10 members of the Council would occupy full-time positions to which they have been appointed by the President, with the advice and consent of the Senate *Id* § 7902(b)(1)–(8), (11), (12) The statute would assign them additional germane duties Two others — the Director of the Defense Advanced Research Projects Agency and the Director of the Minerals Management Service of the Department of the Interior — would not be appointed to any position by the President, but appear to be inferior officers who have been properly appointed by heads of departments and who would be given additional germane duties The Director of the Defense Advanced Research Projects Agency carries out certain duties assigned to the position by statute, *see* 15 U S C § 5207(c) (1994), Congress has specifically set his salary, 5 U S C § 5316 (Supp II 1996), and he is appointed by the head of a department, the Secretary of Defense, under his statutory authority, DoD Directive No 5134 10, at 4 (Feb 17, 1995) *See Freytag v Commissioner*, 501 U.S 868, 883 (1991) The status of the Director of the Minerals Management Service may be less certain Although the Secretary of the Interior appoints the Director, *see* Reorganization Plan No 3 of 1950, § 2, 3 C F R. 1003, 1003 (1949–1953), *reprinted in* 5 U S C app at 1468 (1994), *and in* 64 Stat 1262 (1950), the Director's salary is not set by statute However, the Director has some responsibilities assigned by statute, *see, e.g* , 33 U S.C § 2803(e)(2) (1994), 25 U.S.C § 4041 (1994), in addition to the very substantial duties he exercises by regulation, 30 C F R pts 201–290 (1996) Thus, he too appears to be a properly appointed inferior officer

bility under the Appointments Clause by conferring an authority on the President without any standards at all.

Finally, as you explain in your letter, one reason for specifically providing for delegation of the appointment power here is to take account of "the apparent emphasis on accommodation of a variety of interests in the deliberations of the Council." January 6 Letter at 2. While not disputing your point, we note that we would not interpret the requirements that some members of the Council "represent the views" of various interests as in any way disabling the President from insisting that all members of the Council act in accordance with his policies. *See Myers v. United States*, 272 U.S. 52, 135 (1926). We understand the statute as requiring the selection of persons with particular backgrounds and perspectives, but the "interests" to be sought by each member can only be those of the United States.

RANDOLPH D. MOSS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*